23-cv-0636

## **EXHIBIT A**

## **STATEMENT OF VEDASTE GASHUMBA**

I am a Black, male whose national origin is from Nigeria. I was hired in 2019 as a Nextgen Engineer and assigned in June to the Broussard plant. Throughout the course of my employment, I requested additional time to train in the field and was denied telework. Weatherford failed to provide me with additional time in the field and denied me the ability to telework while allowing other Engineers (outside of my protected class) to telework upon their request.

In early 2020, Weatherford chose to lay me off by stating my position was eliminated as part of a reduction in force. This was not true. The evidence shows Weatherford did not eliminate my position but replaced me with a Hispanic Female Nextgen Engineer from another facility at the request of the Broussard plant's Operations Manager.

I was not lacking in my performance at the time that my position was eliminated nor did the NextGen engineer that replaced me have superior skills. Since laying me off, Weatherford has transferred a White Male Nextgen Engineer from its Houston facility without recalling me to work.

The evidence shows that Weatherford's reasons for my discharge are pretextual and discriminatory for race and/or national origin discrimination.

I have timely filed with the EEOC, and I have received a notice of the right to sue. This Complaint is timely filed.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New Orleans Field Office

500 Poydras St., Room 809
New Orleans, LA 70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Direct Dial: (504) 635-2531
FAX (504) 595-2884
Website: www.eeoc.gov

460-2020-04652                                        Charge Number

Mr. Vedaste Gashumba
5530 Ambassador Caffery Pkwy
Apt 5207
Youngsville, LA 70592                                 Charging Party

Weatherford U.S., L.P.
2000 St James Place
Houston, Texas 77050                                  Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue, on behalf of the Commission, the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

The Respondent is an employer within the meaning of Title VII. Timeliness and all other requirements for coverage have been met.

On January 7, 2021, Charging Party filed a charge of discrimination alleging Respondent, Weatherford U.S., L.P, violated Title VII by subjecting him to different terms and conditions of employment and ultimately discharging him due to his race (Black) and national origin (Nigerian).

Respondent denies that it discriminated against Charging Party. Respondent states that Charging Party was subject to the same terms and conditions as other employees and because he demonstrated inferior performance, skills, and work ethic, his position was eliminated as part of Respondent's reduction in force.

The evidence shows Charging Party was hired as a Nextgen Engineer and assigned to the Broussard plant in June 2019. Throughout his course of employment, Charging Party requested additional time to train in the field and was denied telework. Respondent failed to provide the additional time in the field and denied Charging Party the ability to telework while allowing other Engineers (outside of Charging Party's protected class) to telework upon their request. In early 2020, Respondent chose to lay off Charging Party by stating his position was eliminated as part of a reduction in force. However, the evidence shows Respondent did not eliminate Charging Party's position but replaced him with a Hispanic Female Nextgen Engineer from another facility at the request of the Broussard plant's Operations Manager. The investigation did not substantiate that,

**EXHIBIT B**

as Respondent contended, Charging Party was lacking in his performance at the time of his position elimination or that the NextGen engineer that replaced him had superior skills. Since laying off Charging Party, Respondent transferred a White Male Nextgen Engineer from its Houston facility without recalling Charging Party. The evidence establishes that Respondent's reasons for Charging Party's discharge are pretextual.

Based on the evidence, there is reasonable cause to believe that Charging Party was subject to discriminatory terms and conditions and laid off and not recalled based on his race and national origin.

This determination does not conclude the processing of this charge. Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party soon to begin conciliation.

On Behalf of the Commission:

**UMA KANDAN**
Digitally signed by UMA KANDAN
Date: 2023.01.20 14:07:54 -06'00'

1/20/2023

Date

Uma Kandan
Acting Field Director

cc:  Ms. Gillian Griffin, Esq.
THE KULLMAN FIRM
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163-1600

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street, Suite809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/13/2023

**To:** Mr. Vedaste Gashumba
5530 ambassador caffery pkwy apt 5207
YOUNGSVILLE, LA 70592
Charge No: 460-2020-04652

EEOC Representative and email:     JENNIFER MITCHEM
SENIOR FEDERAL INVESTIGATOR
JENNIFER.MITCHEM@EEOC.GOV

---

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2020-04652.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
02/13/2023
Rayford O. Irvin
District Director

**Cc:**
David Morris
2000 SAINT JAMES PL
Houston, TX 77056

Gillian Griffin
1100 POYDRAS ST STE 1600
New Orleans, LA 70163

Greg Koush
2000 SAINT JAMES PL
Houston, TX 77056

Ray LoCicero
Kullman Law
1100 Poydras St, Ste 1600
New Orleans, LA 70163

Dean Graves
WEATHERFORD INTERNATIONAL
2000 St. James Place
Houston, TX 77056

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 460-2020-04652 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor

Houston, TX 77002.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.